**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**

**CINDY MITCHELL**                                                                                    **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:18-CV-P147-TBR**

**OFFICER CHELSEE BREAKFIELD**                                             **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. The

Court has granted Plaintiff Cindy Mitchell leave to proceed *in forma pauperis*. This matter is

before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below,

the Court will dismiss Plaintiff's claims but allow her the opportunity to amend her complaint.

**I. SUMMARY OF COMPLAINT**

Plaintiff is incarcerated as a convicted prisoner at the McCracken County Jail (MCJ). She

brings this action against Officer Chelsee Breakfield of the Paducah Police Department in her

official capacity only.[1]

In the complaint, Plaintiff alleges as follows:

On Sunday July 1st, 2018, Officer [] Breakfield answered a call from Laura Hayden
and came to my motel room at Hickory House . . . peeping in my window all
because Laura Hayden was physically trying to get $300.00 out of my federal
government survivors pension under false pretenses. That is a small claims court
case and that is what Officer [] Breakfield should have told Mrs. Hayden. Instead,
Officer [] Breakfield arrested me based on Laura Hayden's phone call. She also
illegally searched the motel room without a search warrant. She basically forced
me to incriminate myself. She turned her back and walked into the bathroom and
came back outside and said this is your meth pipe. But she never found anything
on my person or in any of my belongings . . . . Offcer [] Breakfield also illegally
stripped searched me and exposed my breast to her male partner . . . and tried to

---

[1] Plaintiff originally filed a handwritten complaint in which she indicated that she sought to file a lawsuit against
Paducah Police Department Officer Chelsee Breakfield and "her male partner." However, when Plaintiff completed
the Court-supplied complaint form, she only listed Officer Breakfield as a defendant and only completed a summons
for Officer Breakfield. For these reasons, the Court will direct that the "Unknown Male Officer" be terminated as a
party to this action.

expose my vagina to him as well. Also Chris Myers was in Room 122 with me. He has a pryor manufacturing meth case from 2006 and Officer [] Breakfield arrested me but did not arrest Chris Myers that was discrimination.

As relief, Plaintiff seeks compensatory damages and states that "Officer [] Breakfield should lose her job."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff sues Defendant Breakfield in her official capacity only. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an

officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).  Thus, Plaintiff's official-capacity claims against Defendant Breakfield are actually against her employer, which is the City of Paducah.  *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not claim that any alleged violation of her constitutional rights was the result of a custom or policy implemented or endorsed by the City of Paducah, as opposed to the individual decisions of Defendant Breakfield.  As such, the Court will dismiss

Plaintiff's official-capacity claims against Defendant Breakfield for failure to state a claim upon which relief may be granted.

Nonetheless, before dismissing the action, the Court will provide Plaintiff with an opportunity to amend her complaint to sue Defendant Breakfield in her individual capacity. *See, e.g.*, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED that Plaintiff's official-capacity claims against Defendant Breakfield are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted**.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may amend her complaint to sue Defendant Breakfield in her individual capacity.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff a copy of the second page of her complaint so that she can indicate that she would like to sue Defendant Breakfield in her individual capacity.

**The Clerk of Court** is further **DIRECTED** to terminate the "Unknown Male Officer" as a party to this action.

**Plaintiff is WARNED that should she fail to return the second page of her complaint within 30 days indicating that she is suing Defendant Breakfield in her individual capacity, the Court will enter an Order dismissing this action for the reasons stated herein.**

Date: March 13, 2019

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Defendant
        Paducah City Attorney
4413.011

6