# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

CINDY MITCHELL                                                                                    PLAINTIFF

v.                                           CIVIL ACTION NO. 5:18-CV-P147-TBR

OFFICER CHELSEE BREAKFIELD                                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff Cindy Mitchell filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). Upon filing the instant action, she assumed the responsibility of keeping this Court advised of her current address and to actively litigate her claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

On March 20, 2019, a Court Order sent to Plaintiff at the McCracken County Jail was returned to the Court by the United States Postal Service with the words "Return to Sender" handwritten on the envelope (DN 9). Plaintiff apparently is no longer housed at her address of record, and she has not advised the Court of a subsequent change of address. Therefore, neither notices from this Court nor filings by Defendant in this action can be served on Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily

understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: April 24, 2019

*Thomas B. Russell* (signature)

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Defendant
4413.011